COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Bumgardner
Argued at Richmond, Virginia


ANGEL MANUEL RAMOS
                                          OPINION BY
v.    Record No. 0675-98-2      JUDGE RUDOLPH BUMGARDNER, III
                                          JULY 27, 1999
COMMONWEALTH OF VIRGINIA


        FROM THE CIRCUIT COURT OF CHESTERFIELD COUNTY
                 John F. Daffron, Jr., Judge

        Denis C. Englisby (Englisby & Englisby, on
        brief), for appellant.

        Marla Graff Decker, Assistant Attorney
        General (Mark L. Earley, Attorney General, on
        brief), for appellee.


    Angel Manuel Ramos appeals his conviction of driving under

the influence, second offense, in violation of Code § 18.2-266.

He contends the trial court erred in considering his performance

of and statement during field sobriety tests because the police

officer had not given Miranda warnings before he administered

the tests.  We conclude that the defendant was not in custody

when he performed the tests, so the officer did not have to give

him Miranda warnings.  Accordingly, we affirm his conviction.

    Officer Samuel Nussman stopped the defendant after he came

through radar traveling 35 miles per hour in a 55 miles per hour

zone on Chippenham Parkway at 1:15 a.m.  Nussman followed the

defendant and observed erratic driving.  Believing the defendant

was intoxicated, diabetic, or tired, the officer stopped the defendant for further investigation. He smelled alcohol on the defendant, and noted that he slurred his speech and moved slowly. When looking for his registration card, the defendant looked past it several times but never gave it to the officer. As the defendant exited the car, he lost his balance and had to lean against it.

The officer administered several field sobriety tests. He conducted the horizontal gaze nystagmus test; had the defendant recite the alphabet from E to letter T, count forward and backward, and walk and turn; administered the finger to nose test and the preliminary breath test. Several times during the tests, the defendant asked the officer to let him go because he was a commercial driver. At one point the defendant volunteered, "he knew he was under the influence, and he couldn't do any tests."

Based on the defendant's driving, the results of the field sobriety tests and of the breath test, the officer arrested the defendant for driving under the influence. The time that elapsed from the stop to arrest was twenty-one minutes. Upon arrest, the officer advised the defendant of his Miranda rights and the implied consent law. The defendant became belligerent and verbally abusive, but he made no statements and was not questioned further.

The defendant's sole contention on appeal is that the trial court erred in relying on his statement and the results of the field tests.  He argues that he was in custody and the evidence was obtained without administering Miranda warnings.  We disagree.

Defendant has the burden to prove that the trial court's error, when considered in the light most favorable to the Commonwealth, constituted reversible error.  See McGee v. Commonwealth, 25 Va. App. 193, 197, 487 S.E.2d 259, 261 (1997) (en banc).  While we review de novo ultimate questions of reasonable suspicion and probable cause, we "review findings of historical fact only for clear error . . . and give due weight to inferences drawn from those facts by resident judges and local law enforcement officers."  Ornelas v. United States, 517 U.S. 690, 699 (1996).

In Berkemer v. McCarty, 468 U.S. 420 (1984), an officer observed the defendant weaving along a highway, stopped him, and told him to exit the vehicle.  The officer saw the defendant had difficulty standing and asked him if he had been drinking.  The officer arrested the defendant when he admitted that he had been drinking and smoking marijuana.  The Supreme Court ruled that the defendant was not in custody for Miranda purposes and therefore his statement was admissible.  See id. at 442.

In Nash v. Commonwealth, 12 Va. App. 550, 404 S.E.2d 743 (1991), the police found the defendant about one mile from an

accident scene.  While questioning the defendant about the accident, the officer smelled alcohol and observed his bloodshot eyes.  The officer asked if he had been drinking, and the defendant admitted consuming five or six beers.  He was then arrested and advised of his Miranda rights.

The defendant in Nash contended that he was already in custody when he made his pre-arrest statements.  This Court held:

> persons temporarily detained pursuant to routine traffic stops are not "in custody" for Miranda purposes.  In such cases, "the officer may ask the detainee a moderate number of questions to determine his identity and to try to obtain information confirming or dispelling the officer's suspicions" that the detainee has committed a crime.

Id. at 552, 404 S.E.2d at 744 (quoting Berkemer, 468 U.S. at 439).

Here, the defendant argues that his detention for twenty-one minutes rendered him in custody.  However, no one factor is determinative of whether a suspect is in custody.  See Wass v. Commonwealth, 5 Va. App. 27, 32, 359 S.E.2d 836, 839 (1987); Harris v. Commonwealth, 27 Va. App. 554, 565, 500 S.E.2d 257, 262 (1998) (listing factors to consider in determining whether a defendant was "in custody"); Cherry v. Commonwealth, 14 Va. App. 135, 140, 415 S.E.2d 242, 244-45 (1992).

During the twenty-one minute detention, the officer concentrated on confirming or dispelling his suspicion that the

defendant was intoxicated.  See Limonja v. Commonwealth, 8 Va.
App. 532, 542-43, 383 S.E.2d 476, 482 (1989).  The officer never
told the defendant he was not free to go, nor did he physically
restrain the defendant in any way, much less to an extent
normally associated with formal arrest.  See Harris, 27 Va. App.
at 566, 500 S.E.2d at 263 (the degree of restraint used must be
reasonable under the circumstances and the mere presence of some
physical restraint does not change a stop into a custodial
arrest).  The officer did not use or display any weapons, he did
not tell the defendant he was under arrest, and his questioning
related solely to assessing whether the defendant was
intoxicated.  The officer never asked if the defendant had been
drinking; that statement was volunteered.  The fact that the
defendant was trying to talk the officer into letting him go
indicated the defendant did not believe he was in custody.

Finally, the defendant maintains that the officer should
have given Miranda warnings because he had probable cause to
arrest him before making the formal arrest.  The point at which
an officer develops probable cause does not determine whether a
suspect is in custody.  Whether the officer developed probable
cause earlier than the formal arrest was only one factor to be
considered in deciding whether the defendant was in custody
before the formal arrest.  See Wass, 5 Va. App. at 532, 359
S.E.2d at 839; Nash, 12 Va. App. at 553, 404 S.E.2d at 744

(officer conducted field sobriety test after defendant admitted to drinking before accident).

We hold that the defendant was not in custody before his formal arrest and that the trial court properly considered the sobriety tests and his statement.  We affirm the conviction.

<u>Affirmed</u>.